NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re 14 Burma Road Associates, *Debtor*. | Case No. 24-cv-8306 (SDW)<br><br>**OPINION**<br><br>April 23, 2025 |

**WIGENTON**, District Judge.

Before this Court is Appellant 14 Burma Road Associates' ("14 Burma" or "Appellant") Appeal of the Bankruptcy Court's July 30, 2024 Order (the "Order"), (*see* D.E. 1) dismissing its Chapter 11 bankruptcy petition. Jurisdiction is proper pursuant to 28 U.S.C § 158(a)(1). The appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78. For the reasons discussed below, this Court **AFFIRMS** the Bankruptcy Court's Order.

I.  **BACKGROUND AND PROCEDURAL HISTORY**

This appeal relates to a warehouse condominium located in Carteret, NJ (the "Unit"). On or about September 16, 2016, Appellee Global Logistic & Distribution, LLC ("Global") entered into a lease agreement with 14 Burma for the Unit, which included an option to purchase the Unit for $9,180,000. *See* A457. Global executed the option, and the parties became embroiled in a litigation in New Jersey state court after 14 Burma refused to comply with the terms of the option. Global filed a notice of *lis pendens* with the Middlesex County Clerk's Office on December 19, 2019, one day after filing the action. After extensive litigation, the majority of which is well beyond the scope of this appeal, the state court entered judgment ordering 14 Burma to perform on the option and transfer title of the Unit to Global for the previously agreed-upon price of $9,180,000. The Appellate Division affirmed the judgment, and the time has since passed for an

appeal to the New Jersey Supreme Court. On March 14, 2024, the parties closed on title for the sale of the Unit.

On June 7, 2024, 14 Burma filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *See* Bankruptcy Case No. 24-15799-JKS (Bankr. D.N.J. 2024) (the "Chapter 11 Case"). On June 24, 2024, 14 Burma filed a complaint against GK Equities, LLC ("GK", and, together with Global, the "Global Parties"), an affiliate of Global and the appellee here, seeking to recover in a preference action. *See* Adversary Proceeding No. 24-01473-JKS (Bankr. D.N.J. 2024) (the "Preference Action"). On July 9, 2024, the Global Parties filed a motion to dismiss the Chapter 11 Case and GK filed a motion to dismiss the Preference Action. *See* Chapter 11 Case, D.E. 17; Preference Action, D.E. 4. The parties subsequently filed identical oppositions and replies that addressed all of the issues between the two cases. *See* Chapter 11 Case, D.E. 22; 26; Preference Action, D.E. 5; 6. On July 30, 2024, the Hon. John K. Sherwood, J.B.C. held a hearing in which he granted both motions and dismissed both the Chapter 11 Case and the Preference Action. *See* A436–A459 (the "Hearing Tr.") Separate dismissal orders were filed on each docket (Chapter 11 Case, D.E. 28; Preference Action, D.E. 8) and 14 Burma subsequently filed a Notice of Appeal for the order dismissing the Chapter 11 Case. Chapter 11 Case, D.E. 30.

II.     **LEGAL STANDARD**

This Court "reviews the Bankruptcy Court's legal determinations *de novo*, its factual findings for clear error, and its exercises of discretion for abuse thereof." *Stonington Partners, Inc. v. Lernout & Hauspie Speech Prods. N.V.*, 310 F.3d 118, 121 (3d Cir. 2002) (quoting *In re Prof'l Inst. Mgmt.*, 285 F.3d 268, 282–83 (3d Cir. 2002)). A factual finding is clearly erroneous if, in reviewing all the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed," even if there is evidence to support the finding. *In re*

2

*Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *Stonington Partners, Inc.*, 310 F.3d at 122 (quoting *In re O'Brien Env't. Energy, Inc.*, 188 F.3d 116, 122 (3d. Cir. 1999)).

### III.  DISCUSSION

At the outset, this Court notes that the notice of appeal designates only the dismissal of the Chapter 11 Case and does not reference the dismissal of the related Preference Action.  During the hearing in which the case was dismissed, Judge Sherwood specifically affirmed that he would be signing two orders — one dismissing the Chapter 11 Case and one dismissing the Preference Action.  *See* Hearing Tr. at A459.  These two orders were subsequently signed and filed on their respective dockets, yet Appellant's notice of appeal only references and attaches the order that dismissed the Chapter 11 Case.  Pursuant to Federal Rule of Bankruptcy Procedure 8002(a), a notice of appeal must be filed "within 14 days after the judgment, order, or decree to be appealed is entered."  Fed. R. Bankr. P. 8002(a).  This deadline is mandatory and "is strictly construed." *Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3d Cir. 1997); *see In re Universal Minerals, Inc.*, 755 F.2d 309, 311 (3d Cir. 1985) (noting that Rule 8002(a) requires "strict compliance with its terms").  Here, Appellant did not file a notice of appeal from the order dismissing the Preference Action, and the time to do so has since passed.  Accordingly, that order is final and unreviewable, and this Court lacks jurisdiction to address any issues or arguments related to the dismissal of the preference claim.  *See In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011) (holding "the prescribed timeline within which an appeal from a bankruptcy court must be filed is mandatory and jurisdictional" in nature.)

Turning to the subject of this appeal, a bankruptcy court may dismiss a Chapter 11 petition "for cause" under 11 U.S.C. § 1112(b), and bad faith in filing constitutes sufficient cause for dismissal. *See In re SGL Carbon Corp.*, 200 F.3d 154, 160–61 (3d Cir. 1999) ("Chapter 11 bankruptcy petitions are subject to dismissal under 11 U.S.C. § 1112(b) unless filed in good faith."). In determining bad faith, courts consider the totality of the circumstances, including whether the petition serves a valid reorganizational purpose or was filed merely to gain a tactical litigation advantage. *See In re 15375 Mem'l Corp.*, 589 F.3d 605, 618 (3d Cir. 2009) (holding that bad faith exists if the petition serves no valid bankruptcy purpose); *SGL Carbon*, 200 F.3d at 165 (holding that bad faith exists when a petition is filed to gain a tactical advantage, not to reorganize or respond to financial crisis).

Having reviewed the record and the transcript, this Court finds no clear error in the Bankruptcy Court's factual findings and adopts them in their entirety. Specifically, Judge Sherwood found that 14 Burma was a shell corporation with no assets aside from its purported interest in the Preference Action and no business to conduct. This fact standing alone would warrant dismissal of the Chapter 11 Case. *See In re Exide Techs.*, 607 F.3d 957, 962 (3d Cir. 2010) ("The policy behind Chapter 11 of the Bankruptcy Code is the 'ultimate rehabilitation of the debtor.'") (quoting *Nicholas v. United States*, 384 U.S. 678, 687 (1966)); *see also In re Coastal Cable T.V., Inc.*, 709 F.2d 762, 764 (1st Cir. 1991) (Breyer, J.) (stating that there must be "some relation--at least an arguable relation--between the chapter 11 plan and the reorganization-related purposes that the chapter was designed to serve"). The Bankruptcy Court also found that 14 Burma filed the petition to relitigate issues conclusively resolved in state court, including the *lis pendens* and title to the Unit, which is also indicative of a lack of good faith. *See* Hearing Tr., A457–459. As mentioned above, these factual findings are entitled to clear error review, *see SGL Carbon*, 200

4

F.3d at 159, and the appellant has shown no basis to disturb them. Moreover, the decision to dismiss a bankruptcy case for bad faith rests within the sound discretion of the Bankruptcy Court, *id.*, and the record amply supports the Bankruptcy Court's conclusion that the petition lacked any legitimate bankruptcy purpose.

Accordingly, the Bankruptcy Court appropriately exercised its discretion in dismissing what it found to be a bad-faith petition filed by a shell entity with no legitimate reorganization prospects, for the sole and improper purpose of circumventing a final state court judgment and relitigating conclusively resolved property rights.

## IV. CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** the Bankruptcy Court's July 30, 2024 Order in its entirety. An Order consistent with this Opinion follows.

    s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Parties